UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE T. TYLER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 17-1107 (EGS) |
| U.S. FEDERAL BUREAU OF PRISONS *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff is a federal prisoner appearing *pro se*. In the Complaint styled as brought under the Privacy Act, the Freedom of Information Act ("FOIA"), and the Administrative Procedure Act ("APA"), plaintiff challenges the accuracy of information contained in his presentence investigation report ("PSI") and the alleged adverse effect it is having on his custody in Folkston, Georgia. Plaintiff has sued the U.S. Bureau of Prisons ("BOP"), BOP contractor GEO Group, Inc., which operates the facility where plaintiff is incarcerated, and several GEO employees in their official capacities.

Pending are the separate motions of BOP and the GEO defendants to dismiss. Each motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(3) for improper venue and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Also pending is plaintiff's motion for partial summary judgment as to liability. The Court finds that this venue is

1

proper but that plaintiff has stated no viable claim.[1]  Therefore, the defendants' motions will be granted, plaintiff's motion will be denied, and this case will be dismissed for the reasons explained more fully below.

## I.  BACKGROUND

A jury in the U.S. District Court for the Southern District of Texas convicted plaintiff of one count of conspiracy to commit health care fraud, seven counts of health care fraud, and one count of money laundering.  *United States v. Tyler*, 626 Fed. App'x 511, 512 (5th Cir. 2015) (per curiam).  As a result, plaintiff is serving a 72-month prison sentence.  In addition, plaintiff must serve three years of supervised release and pay restitution.  *Id*.

Plaintiff has expended an inordinate amount of ink on irrelevant facts pertaining to his trial and convictions.  *See* Compl. at 4-36.  Relevant to this action are plaintiff's allegations that (1) his custody is based on "inaccurate" and/or "incomplete" information in the PSI with regard to "loss amount" and his U.S. citizenship, and (2) defendants have taken no "reasonable steps" to verify the challenged information.  *Id*. at 37-38.  As a result, plaintiff alleges, he has suffered "adverse determination[s] . . . such as longer detention, and a restitution award of $1,238,823.08."[2]  *Id*. at 37.

## II.  LEGAL STANDARD

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering such a motion, the "complaint is

---

[1]  The venue provisions of both the Privacy Act and the FOIA identify the federal district court in the District of Columbia as a proper venue for such claims.  *See* 5 U.S.C. § 552a(g)(5) (Privacy Act); 5 U.S.C. § 552(a)(4)(B) (FOIA).

[2]  To the extent that plaintiff is challenging part of his sentence, this district court is not a reviewing court and thus lacks jurisdiction over such matters.  Plaintiff's recourse with regard to the amount of restitution ordered lies, if at all, in the sentencing court.  *See* 28 U.S.C. § 2255 ("Federal custody; remedies on motion attacking sentence").

construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citation omitted). "However, the [C]ourt need not accept inferences drawn by [the] plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint." *Id*. Nor must the Court accept "a legal conclusion couched as a factual allegation," nor "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (noting that the D.C. Circuit has "never accepted legal conclusions cast in the form of factual allegations" (internal quotation marks omitted)). Ordinarily on a Rule 12(b)(6) motion, the Court considers only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too "must plead 'factual matter' that permits the court to infer 'more than the mere

possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## III. DISCUSSION

Because plaintiff's claims are predicated on the alleged incorrectness of his PSI contained in his prison file, judicial review is authorized solely under the Privacy Act. *See Griffin v. Ashcroft*, No. 02-5399, 2003 WL 22097940, at *2 (D.C. Cir. Sept. 3, 2003) (affirming "the district court's dismissal of appellant's constitutional claims based on the BOP's alleged maintenance and use of inaccurate information because such claims are encompassed within the Privacy Act's comprehensive remedial scheme") (citing *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003)). For this reason, the Court hereby dismisses (1) any APA claim, since "a plaintiff cannot bring an APA claim to obtain relief for an alleged Privacy Act violation," *Westcott v. McHugh*, 39 F. Supp. 3d 21, 33 (D.D.C. 2014), and (2) the claims against the named individual defendants and GEO Group, Inc., since "the Privacy Act does not apply to government contractors," *Metro. Life Ins. Co. v. Blyther*, 964 F. Supp. 2d 61, 71 (D.D.C. 2013) (citing cases). *See Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 n.4 (D.C. Cir. 2015) ("[T]he Privacy Act creates a cause of action against only federal government agencies and not private corporations or individual officials.") (citations omitted), and *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (concluding that "the district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA") (citations omitted)).

In addition, plaintiff has mentioned the FOIA but has not alleged that BOP withheld agency records to state a claim under FOIA. *See Banks v. Lappin*, 539 F. Supp. 2d 228, 235 (D.D.C. 2008) ("Federal jurisdiction over a FOIA claim is dependent upon a showing that an

agency improperly withheld agency records.") (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)). Accordingly, any FOIA claim is dismissed as well.

Subsection (e)(5) of the Privacy Act requires that an agency:

> maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5). As a general rule, an individual may access an agency's records or information in a system of records pertaining to him and request that such records be amended. *See* 5 U.S.C. § 552a(d). He may file a civil action against an agency that refuses to amend its records upon request or fails to maintain its records with the requisite level of accuracy and completeness. *See* 5 U.S.C. § 552a(g); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) (stating that subsection (g) provides civil remedies for violations of subsection (e)(5)). In a civil suit filed under subsection (g)(1)(C), if the Court determines that the agency's actions were willful or intentional, the Court may award actual damages sustained by the individual as a result of the agency's failure to maintain its records with the requisite level of accuracy, and further may award costs of the action and attorney fees. 5 U.S.C. § 552a(g)(4).

Notwithstanding the relief ostensibly available under the Privacy Act, an agency's Director may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act, except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of

5

> the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2). It is established that BOP's Inmate Central Records System, which contains, among other things, an inmate's PSI, has been properly exempted from the Privacy Act's amendment and maintenance requirements, and that "effectively deprive[s] a litigant of a remedy for any harm caused by the BOP's substandard recordkeeping." *Lee v. Bureau of Prisons*, 751 F. Supp. 2d 101, 103-04 (D.D.C. 2010) (citing 28 C.F.R. § 16.97(a)(4) and § 16.97(j); *Skinner v. Dep't of Justice*, 584 F.3d 1093, 1098 (D.C. Cir. 2009) (affirming dismissal of a claim for amendment of records maintained in the Inmate Central Records System); *Martinez v. Fed. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) (affirming dismissal of claims against the BOP because it had exempted the Inmate Central Records system from the accuracy provision of the Privacy Act, 5 U.S.C. § 552a(e)(5); *White v. U.S. Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (concluding that the Privacy Act's amendment provision does not cover amendment of a PSI); *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam) (denying injunctive relief on the ground that regulations exempt BOP records, including allegedly false medical records, from amendment provision of Privacy Act); *Sellers v. Bureau of Prisons*, 959 F.2d at 309 (upholding dismissal of claim for amendment of prisoner's PSI under § 552(d)); *see also Harrison v. Fed. Bureau of Prisons*, 248 F. Supp. 3d 172, 181 (D.D.C. 2017) (holding "as a matter of law" that because the BOP's Inmate Central Records System "appears to house all inmate records related to sentencing, [public safety factors], housing, custody classification, security designations, and the

like," subsections (d)(1), (e)(5), and (f) of the Privacy Act "afford inmates and former inmates no cause of action regarding such records") (citations omitted)).[3]

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff has stated no claim for relief under the Privacy Act, the FOIA, or the APA. As a result, the defendants' motions to dismiss under Rule 12(b)(6) are granted and plaintiff's motion for partial summary judgment is denied as moot. A separate order accompanies this Memorandum Opinion.

SIGNED:   EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE:   May 31, 2018

---

[3] Regardless of the record system's exemption, BOP has fulfilled any plausible duty under the Privacy Act by verifying the accuracy of the restitution amount via the sentencing order and the validity of the immigration detainer lodged by the Department of Homeland Security. *See* Decl. of Wendi Sorrell ¶¶ 6-9 [Dkt. # 23-2]. *Cf. Martinez*, 444 F.3d at 624 (noting with approval that BOP had "contacted the [U.S. Parole Commission] and the [U.S. Probation Office] and was advised that [its] records regarding appellant were accurate"); *but see Earle v. Holder*, 815 F. Supp. 2d 176, 183 (D.D.C. 2011), *aff'd*, No. 11-5280, 2012 WL 1450574 (D.C. Cir. Apr. 20, 2012) (questioning the continuing vitality of the "*Sellers* directive to verify easily verifiable information in BOP records, . . . as it was decided before [BOP] exempted the relevant system of records from the accuracy provision") (citing *Sellers*, 959 F.2d at 311-12) (other citations and internal quotation marks omitted)). Therefore, plaintiff's motion for partial summary judgment "as to the liability of defendants" for "failing to take reasonable steps to verify the inaccurate information," Mot. for Partial Summ. J. at 1 [Dkt. # 12], is moot.